IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT G. LEHMAN,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE COUNTY SHERIFF'S DEPARTMENT; OC HEALTH CARE AGENCY; AND ORANGE COUNTY BOARD OF SUPERVISORS,<br><br>Defendants. | NO. SACV 24-2520-JLS (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

## I.
## **BACKGROUND**

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983, the California Bane Act, and the "United Nations' Convention 1753 Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment." (Dkt. No. 1 at 1, 7.)[1] The Complaint names as defendants the Orange County Sheriff's Department ("OCSD"), the OC Health Care Agency ("OCHCA"), and the Orange County Board of Supervisors ("Board").

---

[1] The Complaint is not paginated consecutively. Page citations are to the page numbers assigned by the CM/ECF in the header of the document.

1

The Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it fails to state a claim on which relief may be granted.

By Order dated July 11, 2025, the Court issued an Order that:

1. The claims based on the First, Fourth, Fifth, Sixth, and Eighth Amendments are dismissed with leave to amend.
2. The claims based on equal protection and failure to train/hire under the Fourteenth Amendment are dismissed with leave to amend.
3. The claims based on the United Nations Convention Against Torture are dismissed without leave to amend.
4. The claims based on California's Bane Act are dismissed with leave to amend.

(Dkt. No. 29.) The Order notified Plaintiff that, if he chose to file a First Amended Complaint, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints, attachments, pleadings or other documents. The Order further notified Plaintiff that, if he did not file a First Amended Complaint, the Court would issue an Order for Service of the Complaint upon the OCSC, OCHCA, and the Board for violations of the Fourteenth Amendment based only on inadequate medical care claims and conditions of confinement claims as described above. The Order further notified Plaintiff about the Federal Pro Se Clinic, which provides information to parties who represent themselves in federal court. (*Id.*)

The Order dated July 11, 2025 was returned as undeliverable by the postal service. (Dkt. No. 30.)

## II.
## ORDER TO SHOW CAUSE

Local Rule 41-6 requires that a party proceeding *pro se* must keep the Court apprised of the party's current address. "[T]he Court may dismiss the action with or without prejudice for want of prosecution" if the party fails to notify

the Court in writing of a current address within 15 days after mail is returned as undeliverable by the postal service. Local Rule 41-6.

The Court's mail to Plaintiff was returned as undeliverable by the postal service on July 23, 2025. (Dkt. No. 30.) Plaintiff has not filed a notice of change of address or otherwise contacted the Court to advise of a current address.

Accordingly, IT IS ORDERED that Plaintiff show cause in writing, on or before **September 16, 2025**, why this action should not be dismissed without prejudice for failure to prosecute. Filing a notice of change of address by September 16, 2025 shall be deemed sufficient to discharge this order to show cause.

Plaintiff is hereby notified that, if he does not file a notice of change of address by September 16, 2025, or otherwise respond to this Order to Show Cause by September 16, 2025, this case is subject to dismissal without prejudice for failure to prosecute and/or failure to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962).

DATED: September 2, 2025     _____
                                              ALICIA G. ROSENBERG
                                              United States Magistrate Judge